Jasper C. GOULD, Plaintiff,

v.

The MEMBERS OF the NEW JERSEY DIVISION OF WATER POLICY AND SUPPLY, Lilyan Schwartz, I. Ralph Fox, the Commissioner of the Division of Water Policy and Supply, Robert A. Roe; Robert Hardman, the Commonwealth Water Company; Harold Burd, American Water Works Service Company, Defendants.

Civ. A. No. 76–151.

United States District Court, D. New Jersey.

May 23, 1977.

**1238**

Martin L. Bush, Florham Park, N.J., Mark Lemle Amsterdam (N.Y.Bar), Rubin, Hanley & Amsterdam, New York City, for plaintiff.

William F. Hyland, Atty. Gen. of New Jersey by Stuart R. Meislik, Deputy Atty. Gen., Trenton, N.J., for State defendants.

Farrell, Eynon, Madden & Lundgren by David G. Eynon, Haddonfield, N.J., for defendants American Water Works Service Co., Commonwealth Water Co., and Harold Burd.

## OPINION

CLARKSON S. FISHER, District Judge.

The Circuit Court of Appeals remanded this matter here for a determination of whether or not the appeal was timely filed.

The opinion of the Court of Appeals concerned itself with the return of the Notice of Appeal to the appellant because of a failure to pay the requisite fee.[1] However, a different problem is revealed by this Court's review of the file and correspondence in the office of the Clerk of the Court.

The Notice of Appeal proffered for filing on June 23, 1976, was well within the required time period, but did not comply with General Rule 4 C of the General Rules of this Court which mandates that a member of the bar of this Court sign all pleadings.[2] The Notice of Appeal, therefore, was properly returned to New York counsel by the clerk's office with a covering letter explaining the rule violation.[3]

Subsequently, the Notice of Appeal was resubmitted for filing by local counsel and received by the clerk's office in the usual course of business on June 29, 1976. This later submission resulted in the receipt of the notice on the 31st day after the entry of judgment.

In the proceedings before the Circuit Court of Appeals, the appellees did not deny, nor could they, that a notice of appeal was received by the clerk's office within the required thirty days. In the above factual situation to find that the notice originally proffered by New York counsel and resub-

---

1. The Clerk of the Court of this District has instructed his office that no pleading is to be returned for a failure to file a fee.

2. Rule 4 C reads as follows:

   Any member in good standing of the bar of any court of the United States or of the highest court of any state, who is not eligible for admission to the bar of this court under subdivision B of this rule, may in the discretion of the court, on motion, be permitted to appear and participate in a particular case; provided, however, that such appearances and participation in civil actions, individually or by a law firm of which said attorney is a member or associate, shall be limited to not more than three actions in any calendar year. If it has not been done prior to the granting of such motion, an appearance as counsel of record shall be filed promptly by a member of the bar of this court residing within the District of New Jersey and maintaining an office therein upon whom all notices, orders and pleadings may be served, and who shall promptly notify his specially admitted associate of their receipt. Only an attorney at law of this court may receive payment on judgments. Only an attorney at law of this court may file papers, enter appearances for parties, or sign stipulations.

3. The letter also advised appellant that no filing fee had been forwarded.

mitted by local counsel was untimely, would be an injustice to the appellant.

Therefore, although New York counsel did not comply with the General Rules of this Court, I will exercise the discretion vested in the Court by Rule 1 of the General Rules of this Court,[4] and find the Notice of Appeal received by the clerk's office on June 23, 1976 to be timely filed.

Submit an order.

---

4. Rule 1 reads as follows:

The following General, Admiralty and Bankruptcy Rules supplement the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure, the Supplemental Rules of Practice for Certain Admiralty and Maritime Claims and the General Orders of Bankruptcy, and are applicable in all proceedings when not inconsistent therewith. They shall be considered as rules for the government of the court and conduct of causes; and as the design of them is to facilitate business and advance justice, they may be relaxed or dispensed with by the court in any instance where it shall be manifest to the court that a strict adherence to them will work surprise or injustice.